IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ANTHONY LAWS                                                                                   PLAINTIFF

V.                                                                                      CASE NO. 2:11-CV-48

DAVIDSON LADDERS, INC.,
DISCOUNT LUMBER & HARDWARE,
LOUISVILLE LADDER, INC.,
HARDWARE DISTRIBUTION WAREHOUSE, INC.
d/b/a HDW, INC., AND JOHN DOES 1-10                                              DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court on the motion [15] of Plaintiff Anthony Laws to remand the case to the Circuit Court for the First Judicial District of Tallahatchie County, Mississippi. The defendants have responded in opposition. The court has considered the motion and is prepared to rule.

On April 19, 2007, Anthony Laws was using a six-foot aluminum ladder to make repairs when the bottom step split, causing him to fall and injure himself. The ladder was manufactured by Davidson Ladders[1] and Louisville Ladders. Hardware Distribution Warehouse, Inc. ("HDW") sold the ladder to Discount Lumber & Hardware who then sold the ladder to the East Tallahatchie School District (the "District"). At the time of the accident, Laws was the District's Assistant Maintenance Supervisor and was using the ladder to make repairs in one of the school buildings. The ladder had been mislabeled as a Type I (heavy-duty) ladder when it was in fact a Type II (medium-duty) ladder. The load capacity for Type I ladders is 250 lbs whereas the load capacity for Type II ladders is 225

---

[1] In 2004, Davidson Ladders, Inc. merged into Louisville Ladder, Inc. and is no longer an operating entity. *See* Doc. 1 at 3.

1

lbs.

On April 6, 2010, Laws filed a complaint in the Circuit Court of Tallahatchie County, alleging negligence, strict liability, res ipsa loquitur, misrepresentation, concealment, and breach of implied and express warranties of merchantability and fitness for a particular purpose against the defendants. Complete diversity existed between the parties, but Defendant Discount Lumber & Hardware was Mississippi resident. The plaintiff asserted that the in-state defendant had mislabeled the ladder and knew about the ladder's defective condition. On May 10, 2010, Davidson Ladders and Louisville Ladder removed the case to this court on the basis of diversity jurisdiction. The defendants argued that Discount Lumber was an innocent seller and had been improperly joined. In addition, HDW advised the court that it mislabeled the ladder, not Discount Lumber. The plaintiff argued in response that Discount Lumber was still liable for the other claims asserted in the complaint and that the case should be remanded. The court agreed and on October 15, 2010, remanded the case.

Thereafter, the defendants propounded written discovery to the plaintiff in an attempt to learn his height and weight at the time of the accident. Laws objected to the request and directed the defendants to his medical records. He also provided the defendants a copy of his signed submission to the Mississippi Workers' Compensation Commission dated April 30, 2007 which listed his weight as 187 lbs. On February 8, 2011, Laws was deposed. During the deposition, he stated that he weighed 185 pounds on the day of the accident. On March 9, 2011, Davidson Ladders and Louisville Ladder removed the case to this court a second time, arguing that the Type I vs. Type II label issue is moot and that there is no reasonable possibility of recovery against Discount Lumber because it is an innocent seller.

In the instant motion, the plaintiff seeks to remand the case on the bases that his deposition is not "other paper" as defined by 28 U.S.C. § 1446(b) and that removal was untimely. Laws claims that there are no changed circumstances since the last removal and that the defendants were aware of his weight prior to the deposition. He argues that if the case ever became removable, it was when the defendants received his discovery responses on January 5, 2011. Laws further claims that the defendants have not met their burden of proving improper joinder by clear and convincing evidence. He contends that Discount Lumber is liable for its knowledge of the mislabeling; failure to inspect; actual and/ or constructive knowledge of the ladder's defects; actual and/ or constructive knowledge of the defects in Davidson ladders which were well-known within the industry; and breach of warranty. Laws finally argues that he is entitled to costs as a result of the defendants' allegedly improvident second removal.

In response, the defendants argue that Laws' deposition transcript qualifies as "other paper" and that it provided a new and different ground for removal. The defendants submit that Laws relied on the label (which specified the ladder's weight limit) to select which ladder to use. They contend that because Laws weighed less than the load capacity for Type I and Type II ladders, the label issue is moot. The defendants additionally assert that Laws' medical records do not indicate his weight at the time of the accident and that it would have been questionable for them to remove the case prior to confirming the plaintiff's weight. The defendants argue that the plaintiff has no evidence to support his claim that Discount Lumber had actual and/ or constructive knowledge of any defect.

A case may be removed to federal court on the basis of diversity jurisdiction so long as none of the defendants is a citizen of the state wherein the action is brought. 28 U.S.C. § 1441(b) (2011). Under the fraudulent joinder doctrine, federal removal jurisdiction is not destroyed if the non-diverse

3

defendant was improperly joined. *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). To establish improper or fraudulent joinder, the removing party must prove (1) actual fraud in the pleadings, or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Holder v. Abbott Labs., Inc*. 444 F.3d 383, 387 (5th Cir 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir.2003)). "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

When evaluating whether a plaintiff has a reasonable basis for recovery under state law, the court may:

> conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Id*. In a fraudulent joinder analysis, the court must resolve all disputed questions of law and fact in favor of the plaintiff. *Travis v. Irby*, 326 F.3d 644, 647. There must be a reasonable basis for recovery and not merely a "theoretical possibility of recovery" to preclude a finding of fraudulent joinder. *Id.* at 648. The Fifth Circuit has warned courts not to pre-try a case in order to determine removal jurisdiction. *Hart v. Bayer Corp*., 199 F.3d 239, 246-247 (5th Cir.2000).

Once a case has been remanded, a defendant may not seek a second removal on the same pleading or event that first made the case removable. *S.W.S. Erectors, Inc. v. Infax, Inc*. 72 F.3d 489,

492 (5th Cir. 1996). Under 28 U.S.C. § 1446(b), when a case is not initially removable, a defendant has 30 days after receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case" is or has become removable. Deposition transcripts are considered "other paper" for purposes of § 1446(b). *Infax*, 72 F.3d 489, 494. A defendant waives his right to remove if he does not act within the 30 day window. *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000).

In the case herein, the defendants assert that Laws has no possibility of recovery from Discount Lumber. They rely on Laws' deposition testimony that he chose the ladder because he was under the ladder's weight limit. Though the defendants claim they did not find out the plaintiff's weight until his deposition, this argument is negated by the fact that the plaintiff had already produced his medical records and other documents listing his weight. One of the documents included a form Laws submitted to the Mississippi Workers' Compensation Commission dated 24 days after the accident. Documentation around the time of the accident has a substantial likelihood to be more accurate than the plaintiff's memory four years later. Though the defendants argue that it would have been questionable to remove the case prior to confirming Laws' weight, the best evidence of the plaintiff's weight was the documentation and medical records around the time of the accident. The defendants were in receipt of the workers' compensation submission in January 2011, but did not remove the case until March 9, 2011. As the defendants failed to act within the 30 day window, their right to remove the case based on the plaintiff's weight being less than the ladder's load capacity is waived.

The defendants also rely on Laws' testimony that he was unaware of whether Discount Lumber knew about the mislabeling. They contend that the plaintiff's lack of evidence confirms that

he has no reasonable possibility of recovering from Discount Lumber. The defendants have submitted a sworn statement from the owner of Discount Lumber, wherein the owner states that he had no actual or constructive knowledge of any defect in the subject ladder. However, even if the plaintiff has no evidence proving that Discount Lumber knew or should have known of the defect, the defendants overlook the other claims asserted against the in-state defendant. The plaintiff's other claims include failure to inspect for the mislabeling; actual and/ or constructive knowledge of inherent defects in Davidson ladders within the industry; and breach of warranty. If Laws has a reasonable possibility of recovery against Discount Lumber on any of his claims, the case must be removed.

A review of the owner's sworn statement reveals that Discount Lumber did not inspect the ladder for defects. At the very least, this omission supports the plaintiff's claim for failure to inspect. Looking at the allegations in the complaint, it is clear that the plaintiff has stated valid claims against Discount Lumber. The court accepts as true Laws' argument that Discount Lumber knew or should have known of the inherent defects in Davidson ladders and that these defects were well known within the industry. The court has assumed all disputed facts in favor of the plaintiff and finds that Discount Lumber was not fraudulently joined. There is a reasonable possibility that Laws will recover under at least one of his claims against Discount Lumber. Remand is proper.

The court now considers whether the plaintiff is entitled to costs of removal under 28 U.S.C. § 1447(c). The statute provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Attorney's fees may be awarded under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S.

132, 141 (2005). If an objectively reasonable basis exists, a request for fees should be denied. *Id.* In the present case, the court finds that the defendants had objectively reasonable grounds for seeking removal. The plaintiff's request is denied.

For the foregoing reasons, the court finds that the motion to remand is well taken and shall be granted. A separate judgment will be issued this date pursuant to Fed. R. Civ. P. 58.

SO ORDERED, this the 6th day of January, 2012.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE